UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 10-CR-0085-CVE |
| ) | |
| STANISLOV AVEZOV ) | |
| a/k/a Stanislov Avezlov, ) | |
| a/k/a Robert Bernard, ) | |
| OMAR SAADELDIN, ) | |
| ) | |
| Defendants. ) | |

**OPINION AND ORDER**

Now before the Court is Defendants' Unopposed Motion to Extend Deadlines by Continuing Trial (Dkt. # 14). Defendants are charged in a one count indictment with knowingly and intentionally possessing with intent to distribute a substance containing a detectable amount of oxycodone, a Schedule II controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C), and 18 U.S.C. § 2(a). The indictment was returned on June 9, 2010. Defendants were both arraigned on July 1, 2010, and they were represented by retained counsel on that date. Dkt. ## 5, 8. This case is set for trial on August 16, 2010. Defendants request an extension of all deadlines in this case, and seek to continue the trial date "until late September or preferably early October . . . ." Dkt. # 14, at 1.

Defendants' request for a continuance falls under § 3161(h)(7)(A) of the Speedy Trial Act, 18 U.S.C. §§ 3161-3174. This section permits a federal district court to exclude any period of delay resulting from a continuance if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the

defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A).  A court must orally or in writing set forth its reasons for granting an ends-of-justice continuance and make findings that a continuance is in the best interest of the defendant and the public.  Id.  The statute directs a court to consider, among other things, whether "the failure to grant such a continuance . . . would deny counsel for the defendant[s] or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence."  Id. at § 3161(h)(7)(B)(iv).  The Tenth Circuit has been clear that an ends of justice continuance should not be granted "cavalierly" and it was intended to be a "rarely used tool."  United States v. Williams, 511 F.3d 1044, 1048-49 (10th Cir. 2007).

In United States v. Toombs, 574 F.3d 1262 (10th Cir. 2009), the Tenth Circuit limited the circumstances in which a ends of justice can be granted and emphasized that this should be a rarely used procedural tool.  The parties must provide the district court a sufficient record to determine why the facts stated in a motion for continuance "result[] in the need for additional time."  Id. at 1271.  This requires the parties to provide extensive and specific information about the need for a continuance, and the district court may need to hold a hearing before granting an ends of justice continuance.  Id. at 1272-73.  A district court must also give significant weight to the public's interest in a speedy trial, and the public's interest is generally served by strict adherence to the requirements of the Speedy Trial Act.  Id. at 1273.

Defendants state that they anticipate filing motions that would result in excludable periods under 18 U.S.C. § 3161(h).  The Court will not grant a continuance based on anticipated motions.  Defendants also argue that their counsel have vacations, dental appointments, and hearings in unrelated matters that make it difficult to comply with the scheduling order in this case.  Counsel's

personal commitments or other clients are not sufficient reasons to continue the trial date in this case. The ends of justice served by, for example, counsel's dental appointment do not outweigh the defendants' and the public's interest in a speedy trial. Therefore, defendants' request for a continuation of the trial date should be denied.

Defendants also argue that they will not have adequate time to review the discovery provided on July 1, 2010 before the July 9, 2010 motions deadline. For good cause shown, the Court finds that the motions deadline should be extended to permit counsel adequate time to review discovery and conduct research, but that no other deadlines should be extended.

**IT IS THEREFORE ORDERED** that Defendants' Unopposed Motion to Extend Deadlines by Continuing Trial (Dkt. # 14) is **granted in part and denied in part**. Defendants' request to extend the motions deadline is **granted**; defendants' requests to extend all other deadlines and to continue the trial date are **denied**.

**IT IS FURTHER ORDERED** that motions shall be filed no later than **July 15, 2010**, and responses shall be filed no later than **July 21, 2010**. All other deadlines remain as set forth in the Scheduling Order (Dkt. # 12).

**IT IS SO ORDERED** this 8th day of July, 2010.

_____
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT